IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HOMER LARIOS, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
|     v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:08-CR-446-TCB-LTW-4 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
|     Respondent. | :: | 1:12-CV-1109-TCB-LTW |

## FINAL REPORT AND RECOMMENDATION

Movant, pro se, challenges under 28 U.S.C. § 2255 his convictions in this Court for drug offenses. (Doc. 364.)[1] Respondent filed a response opposing the motion. (Doc. 384). For the reasons discussed below, the undersigned recommends that Movant's motion be denied and that he be denied a certificate of appealability.

## I.   Background

In November 2008, a grand jury issued an indictment against Movant and others that included two counts. (Doc. 16.) Count one charged Movant with conspiring to possess more than five kilograms of cocaine with intent to distribute it, while count two charged him with possessing more than five kilograms of cocaine with intent to distribute it. (*Id.* at 1-2.) The indictment issued two days after Movant was arrested and two days before a scheduled preliminary hearing before the undersigned. (Docs. 10, 16, 30.)

---

[1] Unless otherwise noted, all citations to the record are to case number 1:08-cr-446-TCB-LTW.

In September 2009, the grand jury issued a superseding indictment. (Doc. 161.) Count one of that indictment charged Movant with the same crime charged in count one of the original indictment, while count two charged attempted possession of at least five kilograms of cocaine with intent to distribute it. (*Id.* at 1-2.)

In November 2009, the Court held a trial of Movant and two co-defendants. The jury found Movant guilty of both counts of the superseding indictment. (Doc. 225.)

In January 2010, the Court sentenced Movant to twenty years' imprisonment, five years' supervised release, and a special assessment. (Doc. 247.) The prison sentence was the mandatory minimum the Court could impose because Movant had been previously convicted of felony drug trafficking. (Doc. 135; Doc. 135-1; Doc. 297 at 4.) The previous conviction occurred in September 2000 in Massachusetts state court. (Doc. 135-1.) Movant did not dispute the previous conviction or the facts underlying it. (*See* Doc. 297.) Attorney John Lovell represented Movant at trial, sentencing, and on appeal.

The U.S. Court of Appeals for the Eleventh Circuit affirmed Movant's convictions and sentence. *United States v. Larios*, 403 F. App'x 437 (11th Cir. 2010). Movant raised four claims on appeal, one of which was that the Court improperly admitted at trial an inaccurate transcript of a recorded conversation between Movant's co-defendants. *Id.* at 438-39. A government witness testified at trial that the transcript incorrectly attributed to Movant a statement that actually was made by a co-defendant. *Id.* The Eleventh Circuit held that any error in allowing the jury to see the inaccurate

2

transcript was harmless because the transcribed statement was not particularly incriminating and the other evidence presented at trial was sufficient to support Movant's convictions. *Id.* at 439-40. Movant's other three claims on appeal were that the statutes imposing a mandatory minimum sentence for prior drug convictions were unconstitutional and that the application of those statutes to him violated his constitutional rights. *Id.* at 440-42. After the Eleventh Circuit's decision, Movant sought and was denied a writ of certiorari to the U.S. Supreme Court. (Doc. 343.)

Movant asserts the following claims in his § 2255 motion:

1.  Lovell rendered constitutionally ineffective assistance regarding the sentence enhancement for Movant's prior felony drug conviction;

2.  the Court violated Federal Rule of Evidence 803 and Movant's constitutional right to due process by admitting at trial the inaccurate transcript of his co-defendant's recorded statement; and

3.  Movant's rights were violated when:
    (a)  there was no probable cause hearing;
    (b)  Movant was not allowed to challenge the grand jury array;
    (c)  the grand jury foreman failed to record the jury vote and file a certificate of concurrence with the Court;
    (d)  the grand jury did not return the indictment in open court as required by Federal Rule of Criminal Procedure 6(f); and
    (e)  Lovell failed to raise the above issues in this Court or on appeal.

(Doc. 364 at 4-8, 13-16.) Movant appears to assert in the second ground both a violation by the Court and ineffective assistance of counsel, although he does not explain how Lovell was allegedly ineffective regarding the transcript. (*See id.* at 5.)

## II.  Relevant Legal Standards

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the

3

sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

A.    Procedural Bars To Review

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a [] § 2255 challenge" unless the movant shows "both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] . . . from raising his claims on direct appeal and that this factor cannot be fairly [attributed] to [his] own conduct." *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004). "Actual prejudice" requires a movant to show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997).

A court also may review a claim in a § 2255 motion that was not raised on appeal

4

if "a constitutional violation has probably resulted in the conviction of one who is actually innocent" and thus would result in a fundamental miscarriage of justice absent review. *Lynn*, 365 F.3d at 1234-35 (quotation marks omitted). "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n. 18 (quotation marks omitted). In this regard, a § 2255 movant must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). A claim "decided adversely to a defendant on direct appeal [] cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quotation marks omitted). "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982).

B.    Ineffective Assistance Of Counsel

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To

5

establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that his lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Id.* at 697.

## III. Analysis

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973). The record in this case conclusively demonstrates that Movant is not entitled to relief under § 2255.

Movant contends in ground one that Lovell rendered ineffective assistance regarding Movant's prior conviction that enhanced his sentence to a mandatory twenty-year prison term. Specifically, Movant argues that Lovell "should have contacted prosecutor through informal discovery, then he should have discussed the prior conviction and should have file[d] pre-trial motions, such as motions to dismiss or supress [sic] the conviction or in the alternative negotiate an agreement in regards to the prior conviction." (Doc. 364 at 13-14.) Movant further argues that Lovell "should have

6

negotiated a plea agreement under Rule 11(c) . . . because [it] is up to the prosecutor's discretion to file or not [file] a § 851 enhancement" for a prior conviction. (*Id.* at 14.)

Movant's ineffective assistance claim fails for several reasons. First, Movant has not alleged, nor shown, that Respondent would have been amenable to a plea agreement in this case, particularly one that did not seek a sentence enhancement based on Movant's prior felony drug conviction. Respondent filed its information to establish the prior conviction in August 2009, before the superseding indictment was returned. (Doc. 135.) If Respondent had not filed the information regarding the prior conviction, Movant would have faced a prison term of 97 to 121 months, rather than a mandatory minimum term of 240 months. (*See* Doc. 297 at 4.) Movant has presented no evidence or credible argument that Lovell could have persuaded Respondent to offer Movant a plea bargain that disregarded the prior conviction and resulted in a prison term no more than half the term actually imposed as a result of Respondent's pursuit of the sentence enhancement.

Second, Movant has not alleged, nor shown, that he would have pled guilty in this case, even if Respondent had offered him a plea bargain. In cases where the government extends a plea offer to a defendant, the defendant

> must show that but for the ineffective advice of counsel there is a reasonable probability that . . . the defendant would have accepted the plea and the prosecution would not have withdrawn it . . . , that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

7

*Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012). Movant has presented nothing to support a finding that there was a plea offer in this case or any of the other requirements to prove that Lovell was ineffective for not obtaining a plea agreement.

Furthermore, Lovell was not deficient for not filing motions challenging Movant's prior conviction because the conviction could not be challenged given its age. "No person who stands convicted of an offense under [the federal controlled substance statutes] . . . may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e). Respondent filed its information regarding Movant's prior felony drug conviction in August 2009, over eight years after the conviction. (Docs. 135, 135-1.) Thus, there was no basis for Lovell to move to "dismiss or supress [sic] the conviction." (*See* Doc. 364 at 13.)

Movant is not entitled to relief on ground two – his claim regarding the inaccurate transcript admitted at trial – because the Eleventh Circuit decided that claim adversely to him on direct appeal. *See Larios*, 403 F. App'x at 438-40. Movant cannot relitigate that claim under § 2255. *See Nyhuis*, 211 F.3d at 1343. To the extent Movant asserts in the claim that Lovell rendered ineffective assistance, he has alleged no specific action or inaction by Lovell or otherwise explained how the representation was deficient. A movant cannot satisfy his burden of demonstrating both deficient performance by counsel and prejudice from that performance with "unsupported allegations, conclusory in nature and lacking factual substantiation." *Tejada v. Dugger*, 941 F.2d 1551, 1559

8

(11th Cir. 1991). Ground two of Movant's § 2255 motion fails.

Movant procedurally defaulted ground three – his claims regarding the grand jury process – by not raising any of those claims on appeal. *See Larios*, 403 F. App'x at 438-42. Movant has not shown cause and prejudice for the default or that he is actually innocent. Thus, the Court cannot review those claims.

Movant contends, in a conclusory fashion, that Lovell failed to raise the grand jury issues in this Court and on appeal. (Doc. 364 at 7.) To the extent that statement is an allegation that Lovell was deficient and that the deficiency caused the procedural default, "[n]ot just any deficiency in counsel's performance will do[.] . . . [T]he assistance must have been so ineffective as to violate the Federal Constitution." *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). "In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." *Id.*

Lovell was not deficient for not raising the grand jury claims on appeal because the claims lack merit. *See Owen v. Sec'y for Dep't of Corr.*, 568 F.3d 894, 915 (11th Cir. 2009) (holding that because habeas claims lacked merit, "any deficiencies of counsel in failing to raise or adequately pursue them cannot constitute ineffective assistance of counsel"). The lack of a probable cause hearing did not violate Movant's constitutional rights because the grand jury returned an indictment two days before the scheduled hearing and only two days after Movant was arrested. (Docs. 10, 16, 30); *see United States v. Harris*, 458 F.2d 670, 677-78 (5th Cir. 1972) ("The indictment returned

9

by a grand jury is sufficient to establish probable cause for trial, and further preliminary hearing . . . is not constitutionally mandated."); *see also Newland v. Hall*, 527 F.3d 1162, 1175 n.19 (11th Cir. 2008) (grand jury indictment rendered judicial finding of probable cause "unnecessary"). There were no procedural errors in the grand jury process, contrary to Movant's unsupported assertion. The undersigned has reviewed the records of the grand jury's return of the superseding indictment in open court on September 23, 2009, and finds no violation of Rule Six of the Federal Rules of Criminal Procedure. There was nothing upon which Lovell could have based a claim challenging the grand jury process in this case.

Because Movant's claims regarding the grand jury process lack merit, Movant has not shown that Lovell was constitutionally ineffective for not raising those claims. Movant thus has not shown cause for his procedural default of those claims. Nor has Movant shown, or even alleged, that the default should be excused on the basis of actual innocence. The Court is therefore procedurally barred from reviewing ground three of Movant's § 2255 motion. For all of the above reasons, Movant is not entitled to relief under § 2255.

## IV. Certificate of Appealability ("COA")

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability

10

when it enters a final order adverse to the applicant." A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here. All but one of Movant's claims are procedurally barred, and Movant has not shown that he received ineffective assistance of counsel. The resolution of Movant's claims is not reasonably debatable.

## V.    Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate sentence under 28 U.S.C. § 2255 [364] be **DENIED** and that case number 1:12-cv-1109-TCB-LTW be **DISMISSED**. **IT IS FURTHER RECOMMENDED** that Movant be **DENIED** a certificate of appealability.

**SO RECOMMENDED** this ___ day of _October_ , 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

11